FILED
2022 Apr-28  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| JAMES CLICK, individually and on behalf of all others similarly situated, | **Case No.** _____ |
| | FLSA Collective Action |
| v. | |
| MERCEDES-BENZ U.S. INTERNATIONAL, INC. | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1.      Like many other companies across the United States, Mercedes-Benz U.S. International, Inc.'s ("MBUSI") timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2.      That hack led to problems in timekeeping and payroll throughout MBUSI's organization.

3.      As a result, MBUSI's workers who were not exempt from overtime under federal law were not paid for all overtime hours worked and/or were not paid their proper overtime premium for all overtime hours worked after the onset of the Kronos hack.

4.      James Click is one such MBUSI worker.

5.      MBUSI could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6.      But it didn't. Instead, MBUSI used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7.      MBUSI pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8.      MBUSI made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

9.      MBUSI's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

10.     Click brings this lawsuit to recover these unpaid overtime wages and other damages owed by MBUSI to himself and MBUSI's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but MBUSI's decision to make its own non-exempt employees workers bear the economic burden for the hack.

### JURISDICTION & VENUE

11.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because MBUSI is headquartered in this District.

### PARTIES

13.     **Plaintiff James Click** is a natural person.

14.     Click was, at all relevant times, an employee of MBUSI.

15.     Click has worked for MBUSI since November 1996.

16.     Click represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of MBUSI, who were who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

17.     Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

18.     **Defendant Mercedes-Benz U.S. International, Inc. ("MBUSI")** is a domestic corporation.

19.     MBUSI is headquartered in this District.

20.     MBUSI may be served by service upon its registered agent, **W. Steven Nichols, 1 Mercedes Drive, Vance, AL 35490**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

21.     At all relevant times, MBUSI was an employer of Click within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     At all relevant times, MBUSI was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.     MBUSI was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24.     During at least the last three years, MBUSI has had gross annual sales in excess of $500,000.

25.     MBUSI was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

26.     MBUSI employs many workers, including Click, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

27.     The goods and materials handled, sold, or otherwise worked on by Click, and other MBUSI employees and that have been moved in interstate commerce include, but are not limited to, automobiles and their component parts.

FACTS

28.     MBUSI manufactures and distributes luxury and commercial automobiles.

29.     Many of MBUSI's employees are non-exempt hourly and salaried workers.

30.     Since at least 2021, MBUSI has used timekeeping software and hardware operated and maintained by Kronos.

31.     On or about December 11, 2021, Kronos was hacked with ransomware.

32.     The Kronos hack interfered with the ability of its customers, including MBUSI, to use Kronos's software and hardware to track hours and pay employees.

33.     Since the onset of the Kronos hack, MBUSI has failed to keep accurate track of the hours that Click and Similarly Situated Workers have worked.

34.     Instead, MBUSI has used various methods to estimate the number of hours Click and Similarly Situated Workers work in each pay period.

35.     For example, MBUSI issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

36.     As a result of MBUSI's failure to accurately track their actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

37.     Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

38.     Click is one of the thousands of employees affected by these pay and timekeeping practices.

39.     Instead of paying Click for the hours he actually worked (including overtime hours), MBUSI simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Click's actual hours worked and regular pay rates, in multiple workweeks.

40.     In some instances, Click was paid portions of the overtime he worked, but the overtime rate he was paid was not at least 1.5 times his agreed rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

41.     In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

42.     MBUSI knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

43.     MBUSI knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

44.     MBUSI could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

45.     Instead of accurately tracking hours and paying employees their overtime, MBUSI decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

46.     Even to the extent it did pay some overtime to affected employees, MBUSI failed to take into account shift differentials and non-discretionary bonuses, such that the overtime premium MBUSI did pay, if any, was not the full overtime premium owed under the law based on the employees' agreed rate of pay.

47.     It was feasible for MBUSI to have its employees and managers report accurate hours so they could be paid the full and correct amounts of money they were owed for the work they did for the company.

48.     But MBUSI chose not to do that.

49.     In other words, MBUSI pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

50.     Click is just one of the many MBUSI employees who had to shoulder the burden of this decision by MBUSI.

51.     Click was a non-exempt hourly employee of MBUSI.

- 6 -

52.     Click regularly worked over 40 hours per week for MBUSI.

53.     Click's normal, pre-Kronos hack hours are reflected in MBUSI's records.

54.     Since the Kronos hack, MBUSI has not paid Click for his actual hours worked each week.

55.     Since the hack took place, MBUSI has not been accurately recording the hours worked by Click and its other workers.

56.     Even when MBUSI has issued payment to Click for any overtime, the overtime is not calculated based on Click's regular rates, as required by federal law.

57.     MBUSI was aware of the overtime requirements of the FLSA.

58.     MBUSI nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Click.

59.     MBUSI's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

60.     The full overtime wages owed to Click and the Similarly Situated Workers became "unpaid" when the work for MBUSI was done—that is, on Click and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

61.    At the time MBUSI failed to pay Click and the Similarly Situated Workers in full for their overtime hours by their regular paydays, MBUSI became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under federal and California law.

62.    In other words, there is no distinction between late payment and nonpayment of wages under federal law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

63.    Even if MBUSI made any untimely payment of unpaid wages due and owing to Click or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

64.    The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

65.    Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to MBUSI's acts and omissions resulting in the unpaid wages in the first place.

66.    Click and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by MBUSI under federal law.

## COLLECTIVE ACTION ALLEGATIONS

67.    Click incorporates all other allegations.

68.    Numerous individuals were victimized by MBUSI's patterns, practices, and policies, which are in willful violation of the FLSA.

69.     Based on his experiences and tenure with MBUSI, Click is aware that MBUSI's illegal practices were imposed on the FLSA Collective.

70.     The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

71.     These employees are victims of MBUSI's respective unlawful compensation practices and are similarly situated to Click in terms of the pay provisions and employment practices at issue in the collective in this lawsuit.

72.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

73.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

74.     MBUSI's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

75.     The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA

76.     Click incorporates each other allegation.

77.     By failing to pay Click and the FLSA Collective members overtime at 1.5 times their regular rates, MBUSI violated the FLSA. 29 U.S.C. § 207(a).

78.     MBUSI owes Click and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

79.     MBUSI owes Click and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

80.     Likewise, MBUSI owes Click and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

81.     MBUSI knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

82.     Because MBUSI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, MBUSI owes these wages for at least the past three years.

83.     MBUSI's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

84.     Because MBUSI's decision not to pay overtime was not made in good faith, MBUSI also owes Click and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

85.     Accordingly, Click and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Click prays for judgment against MBUSI as follows:

a.  For an order certifying a collective action for the FLSA claims;

b.  For an order finding MBUSI liable for violations of federal wage laws with respect to Click and all FLSA Collective members covered by this case;

c.  For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Click and all FLSA Collective members covered by this case;

d.  For a judgment awarding attorneys' fees to Click and all FLSA Collective members covered by this case;

e.  For a judgment awarding costs of this action to Click all FLSA Collective members covered by this case;

f.  For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Click and all FLSA Collective members covered by this case; and

g.  For all such other and further relief as may be necessary and appropriate.


Respectfully submitted,

Victoria L. Dye, (OSB-4887-R77D)
**MORGAN & MORGAN BIRMINGHAM, PLLC**
2317 Third Avenue North, Suite 102
Birmingham, Alabama 35203
T: (659) 204-6363
F: (659) 204-6388
Email: vdye@forthepeople.com

Andrew R. Frisch
(Georgia Bar No.: 366105)
**MORGAN & MORGAN, P.A.**
8151 Peters Rd., Ste. 4000
Plantation, FL 33324

T: (954) WORKERS
F: (954) 327-3013
Email: afrisch@forthepeople.com

C. Ryan Morgan
(Georgia Bar No : 711884)
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 16th Floor
PO Box 4979
Orlando, FL 32802-4979
T: (407) 420-1414
F: (407) 867-4791
Email: rmorgan@forthepeople.com

Matthew S. Parmet
(Texas Bar No.: 24069719)
(*Seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
T: (713) 999-5228
Email: matt@parmet.law

**ATTORNEYS FOR PLAINTIFFS**