UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES CLICK, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:22-cv-00539-MHH |
| } | |
| MERCEDES-BENZ US } | |
| INTERNATIONAL, INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

James Click brought this action against his employer, Mercedes-Benz US International, Inc., on behalf of himself and other similarly situated employees to recover wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Docs. 1, 17). The parties have proposed a settlement agreement for this Court to review pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). (Doc. 42). As discussed below, because the parties' agreement represents a fair and reasonable resolution of a bona fide dispute under the FLSA, the Court approves the parties' settlement.

## I. BACKGROUND

Since 2021, Mercedes has used Kronos timekeeping software and hardware. (Doc. 17, p. 5, ¶ 30). In December of 2021, Kronos experienced a cyberattack that affected Mercedes's ability to track hours and pay employees. (Doc. 17, p. 5, ¶¶ 31–32). Mr. Click alleges that, for at least a portion of time following the Kronos attack, Mercedes did not accurately track the hours that he and other employees worked. (Doc. 17, p. 5, ¶ 33). Mr. Click alleges that during this period, Mercedes did not pay him for all time worked. (Doc. 17, pp. 6–10). Mr. Click also alleges that Mercedes's decision not to pay overtime was not made in good faith. (Doc. 17, p. 12, ¶ 83). Mr. Click asserts that Mercedes violated the FLSA by not timely paying him and other similarly-situated employees overtime, and he seeks unpaid wages, liquidated damages, and attorney's fees and costs. (Doc. 17, pp. 11–12). On May 6, 2022, Kenzar Strong and Freda Strong joined this action as plaintiffs. (Doc. 7). Mercedes denies the plaintiffs' allegations and asserts that it paid the plaintiffs for all hours worked, including overtime hours. (Doc. 20).

The parties have stipulated that the only damages at issue are liquidated damages. (Doc. 42, p. 4 n.2). To resolve their FLSA claims against Mercedes, the plaintiffs have agreed to dismiss their claims in exchange for Mercedes's payment of liquidated damages in the amount of $1,500 to James Click, $800 to Kenzar

Strong, and $200 to Freda Strong.  (Doc. 42, p. 2, ¶ 7).  Mercedes also agrees to pay plaintiffs' counsel $23,000 in attorneys' fees and costs.  (Doc. 42, p. 2, ¶ 7).

## II.   DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'"  *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (noting that Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive [a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay") (emphasis in original) (alterations and quotation marks omitted)); *see also* 29 U.S.C. § 202(a) (indicating congressional intent to eliminate labor conditions "detrimental to the maintenance of the minim standard of living necessary for health, efficiency, and general well-being of workers").  In the context of overtime, for example, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1½ times the employees' regular wages.  29 U.S.C. § 207(a).

If an employee proves that his employer violated the FLSA, then the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs.  29 U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject

3

to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1352); *see also Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1352; *see also Hogan*, 821 F. Supp. 2d at 1281–82. "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should enable a district court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation

of back wages, that are actually in dispute," then a court may approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (emphasizing that a proposed settlement must be fair and reasonable).

Here, James Click, Kenzar Strong, and Freda Strong contend that they were not timely paid wages they were entitled to under the FLSA for time worked during the pay periods affected by the Kronos outage. Mercedes contends that it paid these individuals on time and in full during the Kronos outage. The parties stipulate that the sole issue is whether the plaintiffs are entitled to liquidated damages. (Doc. 42, p. 4 n.2). Courts have recognized that, under the FLSA, an employer must pay an employee's wages in full on the employee's regular pay day. *See Biggs v. Wilson*, 1 F.3d 1537, 1542 (9th Cir. 1993) (citing *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265 (11th Cir. 1985)); *see also Benavides v. Miami Atlanta Airfreight, Inc.*, 322 Fed. Appx. 746, 747 (11th Cir. 2009) ("Although the FLSA specifies no time within which wages must be paid, liquidated damages may be available if the employer fails to pay wages or overtime on the regular payment date."). Thus, even when an employee receives back wages, courts have held that "untimely payment of wages does not resolve a claim for unpaid wages under federal law" because employees may be entitled to liquidated damages. *Futrell v. Cargill, Inc.*, 661 F. Supp. 3d 903, 913 (D. Minn. 2023). Here, there is a bona fide dispute as to whether Mercedes timely paid James Click, Kenzar Strong, and Freda Strong for time worked during

the Kronos outage. To resolve their FLSA claims against Mercedes, the plaintiffs have agreed to dismiss their claims in exchange for Mercedes's payment of liquidated damages in the amount of $1,500 to James Click, $800 to Kenzar Strong, and $200 to Freda Strong. (Doc. 42, p. 2, ¶ 7). These amounts represent a fair and reasonable settlement of the plaintiffs' claims.[1]

Mercedes has agreed to pay plaintiffs' attorneys' fees and costs of $23,000. The Court reviews "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 Fed. Appx. at 351 (citing *Lynn's Food*, 679 F.2d at 1352). Matthew Parment, counsel for the plaintiffs, has submitted a declaration in which he represents that the parties negotiated attorneys' fees separately from the plaintiffs' claims. (Doc. 42-2, p. 6, ¶ 34). Although the attorneys' fees and costs exceed the plaintiffs' settlement proceeds, the attorneys' fees and costs are fair and reasonable and were resolved independent of the plaintiffs' settlement amount.

To ensure that Mercedes is not using an FLSA claim "to leverage a release from liability unconnected to the FLSA[,]" the Court has reviewed the release provision in the settlement agreement. *Moreno v. Regions Bank*, 729 F. Supp. 2d

---

[1] In the motion for approval of settlement, the parties state that "[u]nder Plaintiffs' theory of this case, they would be entitled to total damages as follows: $405.85 to Click, $304.29 to Kenzar Strong, and $0 to Freda Strong." (Doc. 42, p. 4, ¶ 10).

6

1346, 1351 (M.D. Fla. 2010); *see also Hogan*, 821 F. Supp. 2d at 1282 (stating that an employer may not require valuable concessions for wages due under the FLSA). Under the release provision, the plaintiffs agree to "waive any and all claims arising out of the events at issue in the Lawsuit and which were or could have been asserted against [Mercedes] in the Lawsuit." (Doc. 42-1, p. 5). To the extent that the "events at issue in the Lawsuit" refers to the payment of wages during the 2021 Kronos outage, the Court approves this release provision.

## III.  CONCLUSION

In compliance with the Court's duty to review proposed settlements of FLSA claims, the Court has reviewed the terms of the parties' settlement and approves the settlement for the reasons stated above. The Court will enter a separate order dismissing the plaintiffs' claims with prejudice and closing the file. The Court asks the Clerk to please term Doc. 26.

**DONE** and **ORDERED** this March 7, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE